## SERING and Another *v.* DOAN.

INSTRUCTIONS.—It is no objection to instructions given by the court that they entirely withdraw from the jury questions raised by the pleadings, but wholly unsupported by the evidence.

APPEAL from the *Jefferson* Circuit Court.

FRAZER, J.—Suit by the appellee against the appellants upon two bills of exchange, drawn by *J. A. Fay & Co.*, pay-

able to their own order, upon the appellants, and by them accepted. The bills were indorsed to the plaintiff below, after one, but before the other, had matured. Defense, that the bills, with another for $65, which had been paid, were given in consideration of certain work and labor in the construction of a new patent machine for making musket balls, by *Fay & Co.*, for the defendants, which was by agreement to be made for $195, in all respects according to instructions, drawings, directions, and model furnished by defendants; that the machine was not so made, in consequence of which it would not answer the purpose intended; that the bills were accepted in ignorance of the defects of the machine, and before they had an opportunity to discover them, etc.

The evidence showed that one of the defendants superintended the construction of the machine, and assumed to control, and did control the workmen; that some time before the work was begun, *Fay & Co.*, at the request of the defendants, made an estimate, and gave their opinion that the machine would not cost less than $65; that the work was begun subsequently, and after it had progressed somewhat, *Fay & Co.* informed the defendants that it would cost more than $65; that upon this statement being repeated a second time, the defendant, *Watson*, who was the inventor of the machine, replied that if the machine proved to be a success, he did not care what it cost; that when the work was completed, an account of $195 was presented therefor, to which no objection was made; that the machine was afterward taken away by the defendants, nothing being said about the price of the work. The bills of exchange were accepted before the machine was tested. When tried it would not answer the purpose without some slight alterations; that *Fay & Co.* were never informed that the machine would not work, nor called upon to make any alterations or repairs.

The questions made here are entirely upon the third and

fourth instructions given by the court to the jury, which were as follows:

" 3. If you believe from the evidence that *Watson* received the machine from *Fay & Co.*, knowing that they had charged him, or intended to charge him, $195 for it, and would not let him have it for less, and without notifying them to the contrary, the defendants are bound by that price."

" 4. If you believe from the evidence that *Watson* applied to *Fay & Co.*, in the first instance, to know what it would cost to construct such a machine, and they told him they would make a calculation and let him know, and that they afterward wrote to him that it would not cost less than $65, and that *Watson* afterward went to them and directed them to go on with the making of the machine; and further, that, after some little work had been done upon it, they informed him that, in consequence of their having to make new tools, and for other reasons, the machine could not be built for $65, but would cost more, and that *Watson* made no reply to this, but permitted them to go on with the work under his supervision and instructions; and that shortly they again told him the machine could not be built for $65, but would cost more, and that *Watson's* only reply was, he did not care what it cost if the machine was a success, and again permitted them to go on and construct the machine under his direction and supervision, and accepted and received the same; the defendants were bound to pay what the work was reasonably worth, without reference to the $65."

It is objected to these instructions that they withdraw from the jury the question whether there was such an agreement as the answer averred. This objection would be good if there had been any evidence before the jury, from which they might have concluded that there was such agreement. But we can not perceive any evidence of that kind. It was therefore the duty of the court to withdraw that question as it did.

Judgment affirmed, with five per cent damages and costs.

*C. E. Walker*, for appellants.

*S. C. Stevens*, for appellee.